## L. D. KASTENBINE v. CITY OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 3—615.]

**Physician's Compensation for Holding Post-Mortem.**

> The city of Louisville is required to pay a competent surgeon or
> physician employed to make a post-mortem examination, and the
> city, under the statute, may regulate how and by whom such exam-
> inations shall be held in the city.   The coroner is authorized to
> employ such physician to make such a post-mortem examination in
> the county outside of the city.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

February 4, 1882.

OPINION BY JUDGE HARGIS:

Gen. Stat. (1881), Ch. 25, § 12, by which the coroner is author-
ized to employ a competent surgeon or physician to make a post-
mortem examination and the court of claims is required to allow
the surgeon or physician a reasonable sum therefor, is not in
conflict with the provisions of the Act of January 21, 1865 (1
Acts 1865, Ch. 647).   So far as they relate to the city one regu-
lates how and by whom post-mortem examinations shall be held
in the county and the other applies to the city.   From the former
the city of Louisville is excepted, and it is required to pay for
such examinations held in it.

Reasonable compensation for such services applies alone to
the court of claims of counties, and was not intended to regu-
late the compensation to be paid by the city of Louisville or Cov-
ington.   But if we are mistaken in this, the act adopting the
General Statutes (1 Acts 1873, Ch. 1011), repeals all statutes of
a general nature then in force and repugnant thereto, except cer-
tain statutes among which are "all statutes of a merely local

relation to any * * * city." The act of January 21, 1865, relates locally to the city of Louisville and to no other city, and is not repealed or modified by the section named of the General Statutes.

Judgment *affirmed*.

*W. B. Fleming, for appellant.*

*T. L. Burnett, for appellee.*

